E. J. HARRISON et al., Appellants, v. JAMES SELF
et al., Respondents.

Kansas City Court of Appeals, November 23, 1903.

1. **PLEADING: Petition: Cause of Action.** A petition set out in
the opinion is held to state a cause of action, since it avers the
employment of the plaintiff by defendants at a given salary,
and that the plaintiff earned his salary, a part of which is due
and unpaid, for which he asks judgment.

2. ———: ———: **Indefiniteness: Verdict.** Objection to a peti-
tion that it is vague and uncertain should be made before trial,
and it is only when there is a failure to state facts sufficient to
constitute a cause of action that objection may be taken after
verdict.

Appeal from Buchanan Circuit Court.—*Hon. A. M.*
*Woodson,* Judge.

REVERSED AND REMANDED.

*Jno. C. Landis, Jr.,* and *R. L. Spencer* for appel-
lant.

(1) Where no demurrer is filed and no objection is
made to the petition until the trial is on, the objection
comes too late, if by construing the petition then as stat-
ing what the evidence tends to prove the petition states
a cause of action.   Reilly v. Cullem, 159 Mo. 322.   (2)
Defective allegations in petition may be cured by de-
fendants answering to the merits if the evidence is suf-
ficient to prove necessary allegations.

*Crandall & Strop* for respondent.

BROADDUS, J.—The law of the case arises prin-
cipally upon the question as to the sufficiency of the pe-
tition, which is as follows:

"Plaintiff for his cause of action states that defendants were at all times hereinafter mentioned a co-partnership formed for the purpose of manufacturing and selling a medicinal preparation for the use of persons suffering from consumption and all tuberculous diseases, with the head office located at Chicago, Illinois. That said partnership was formed by and between the above-named defendants during the month of May, 1900. That on the first day of June, 1900, plaintiff was employed by James Self, one of the above-named defendants, to act as office physician and have charge of the office of said co-partnership. That afterwards, on or about the middle of June, 1900, defendants not having in their possession the formula for the manufacture of the remedy to be sold by them, employed this plaintiff as manufacturing chemist, to make said remedy from a formula to be evolved by him. That plaintiff was so employed and filled the duties of office physician and chemist, from the 9th day of June to the 13th day of April, 1901. That it was agreed by and between plaintiff and defendants that his salary should be $15 per week. That from the 9th day of June to the 14th day of July, 1900, he received his salary in full. That from the 14th day of July, 1900, to the 13th day of April, 1901, he earned a salary amounting to $585. That between the last above mentioned dates he received at various dates on account of salary, sums amounting to $324.09, leaving a balance due on salary account of $260.91, for which sum he asks judgment, together with interest from the 13th day of April, 1901, at six per cent per annum, together with costs in this cause expended.

"Plaintiff for second and further cause of action states that the defendants were a co-partnership, as alleged in the first count of this petition, which allegations are made part of this second count, and that during his employment, as alleged in the first count, expenses were paid by him amounting to $625.48. That he received from all sources on his expense account from the 12th

day of June, 1900, to the 13th day of April, 1901, the sum of $602.88, leaving a balance due on the expense account amounting to $22.60, for which further sum plaintiff prays judgment.''

Analyzed, it means that defendants employed plaintiff in their business at an agreed salary of $15 per week; that from the 9th day of June to the 14th day of July, 1900, he received his salary in full; that from the 14th day of July, 1900, to the 13th day of April, 1901, he earned a salary amounting to $585; that for the latter part of his salary he has received $324.09, which leaves a balance due of $260.91, for which he asks judgment. Plaintiff's second cause of action is for money paid out in the way of expense for the defendants.

After hearing plaintiff's evidence the court instructed the jury as follows: ''The court instructs the jury that under the evidence in this case the plaintiff is not entitled to recover.''

As there was evidence that defendants employed plaintiff at a salary of $15 per week and that he performed the services we are led to believe that said instruction was given on the theory that plaintiff's petition did not state a cause of action. This petition is somewhat vague and uncertain, and certainly most awkwardly drawn, yet, we think it was sufficient to sustain a verdict. It is the law that, where the objection rests upon the ground that the petition is vague, indefinite and uncertain, and fails to state a cause of action, it should not be sustained. ''If the petition states a cause of action, though defectively, the objection should not prevail. It should be stated before trial.'' Spurlock v. Railroad, 93 Mo. 530.

It is only when the petition fails to state facts sufficient to constitute a cause of action that the objection may be taken at any time even after verdict and judgment. The petition here alleges employment at a salary of $15 a week and that plaintiff earned his salary, a part of which is due and unpaid, for which he asks

judgment. As the case is to be retried, the plaintiff should amend both counts of his petition so as to make them more definite and certain.

Cause reversed and remanded. All concur.